United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACCELERANT SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-23-803 |
| SERO SERVICES, LLC, | § § | |
| Defendant. | § | |

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or Lack of Venue and/or Motion to Transfer to Court of Proper Venue (Document No. 7) (the "Motion"). After carefully considering the motion, response, reply, and applicable law, and considering the oral presentations of counsel during the Rule 16 Scheduling Conference held on July 7, 2023, the Court will transfer the case to the United States District Court for the District of Maryland, a "district to which all parties have consented." 28 U.S.C. § 1404(a).

## I.  Background

Plaintiff Accelerant Specialty Insurance Company ("Accelerant") filed this marine insurance dispute here in Houston against its Assured Sero Services, LLC ("Sero") after Sero's *Liquid*

*Limo*, a 32-foot aluminum 28 passenger yacht, insured by Accelerant, sank in Maryland.[1]  The *Liquid Limo's* home port was in Ocean City, Maryland and the vessel was always operated in the inland and territorial navigable waters of Maryland.[2]

Sero, which resides and operates in the state of Maryland, procured insurance for the *Liquid Limo* through its agent, Karen Goodyear of the Deeley Insurance Group, LLC ("Deeley Insurance") in Willards, Maryland.[3]  Sero's owner's uncontroverted sworn testimony is that Deeley Insurance was the only broker retained by Sero to obtain this policy of insurance for the *Liquid Limo*.[4]

Accelerant issued the policy of marine insurance for the *Liquid Limo* with an effective period of July 25, 2022 until July 25, 2023 and a laid up period of October 1, 2022 to June 1, 2023, ashore in Ocean City, Maryland ("Policy").[5]  The Policy provided that during the laid up period, "it is warranted that the Scheduled Vessel will not be used, navigated or utilized, in any manner whatsoever, during the dates so specified."[6]

---

[1] Document No. 1.

[2] Document No. 7, Exhibit 1 at ¶ 4.

[3] Id. at ¶¶ 2, 6-8; Document No. 1 at ¶ 2.

[4] Document No. 7, Exhibit 1 at ¶ 9.

[5] Id. at ¶ 3; Document No. 1 at ¶ 5; Document No. 12, Exhibit A at CM/ECF page 3 of 34.

[6] Document No. 12, Exhibit A at CM/ECF page 16 of 34.

The *Liquid Limo* sank on October 7, 2022, during the laid up period, while moored in Maryland.[7] Deeley Insurance reported the claim that day to an affiliate of Trident Marine Managers ("Trident"), who then reported the claim to the underwriters.[8] Accelerant, or its affiliate, had named Trident as Sero's agent on the Policy it issued.[9]

After receiving notice of the loss, Accelerant began its investigation of the claim.[10] According to Accelerant's Complaint, the investigation revealed that (1) the *Liquid Limo* was located in the water, at a slip, as opposed to ashore and in storage as required under the Policy; (2) the *Liquid Limo* had been used for a charter trip during the laid up period; and (3) recommended repairs had not been made before the *Liquid Limo* sank.[11] Based on these findings, Accelerant concluded that Sero was in breach of the Policy's express warranties, terms, and conditions.[12]

---

[7] Document No. 14, Exhibit 5; Document No. 1 at ¶ 12.

[8] Document No. 14, Exhibit 6.

[9] Document No. 12, Exhibit A at CM/ECF page 2 of 34.

[10] Document No. 1 at ¶ 14.

[11] Id.

[12] Id. at ¶ 15.

Accelerant sent to Sero a supplemental denial of coverage on March 3, 2023.[13]   On that same day Accelerant, an Arkansas corporation with its principal place of business in Georgia, filed this suit in Houston, Texas, asking the Court to declare that Sero breached the Policy and that Accelerant owes Sero nothing under the Policy.[14]   Accelerant relies solely on a two-state forum selection clause in the Policy to explain why it filed here.   The clause reads as follows:

> It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which You the Assured resides or the Federal District court within which your insurance agent resides.[15]

When Accelerant issued the Policy it named Trident as the Assured's Agent, with a street address in Houston, Texas. Accelerant's counsel conceded in the Rule 16 Scheduling Conference that Plaintiff's sole basis for filing in Texas--where none of the parties resides and where none of the facts occurred--is because Trident, a non-party to this case, is ascribed as the Assured's Agent and it has a Houston address.

---

[13] *Id.*

[14] *Id.* at ¶ 1 and Prayer.

[15] Document No. 12, Exhibit A at CM/ECF page 19 of 34.

## II.  Discussion

Sero moves to dismiss, contending that this Court lacks personal jurisdiction over Sero and that venue was improper.  Sero alternatively asks the Court to transfer this suit to Maryland under 28 U.S.C. § 1404(a).  Accepting at face value the Policy's recitation that Trident is Sero's Agent and is a resident of Houston, Texas, it appears that the case was properly filed here in one of the two Federal District Courts to which the parties agreed in the forum selection clause of the Policy.[16]

Where exclusive jurisdiction over the dispute lies in either of two federal courts, the movant must show good cause for transfer under § 1404(a) by clearly demonstrating that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice.'" In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (quoting 28 U.S.C. § 1404(a)) (alteration in orig.).  Section 1404(a) reads as follows:

---

[16] As observed above, Sero's owner's uncontroverted sworn testimony is that its agent for procuring insurance on its yacht was Deeley Insurance of Willards, Maryland, and that he had no communications with or knowledge of any involvement of Trident in procuring the Policy before it was issued.  Nonetheless, Trident of Houston, Texas is named on the Policy as Sero's agent and, under New York law, which the parties agreed is their choice of law if no precedents in federal admiralty law apply, an insured typically is "conclusively presumed to know the contents of an insurance policy concededly received." Laconte v. Bashwinger Ins. Agency, 305 A.D.2d 845, 846 (N.Y. App. Div. 2003).  The Court therefore accepts Plaintiff's contention that Trident was Sero's Agent.

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid the waste of time, energy, and money. Van Dusen v. Barrack, 84 S. Ct. 805, 809 (1964). District courts have "broad discretion in deciding whether to order a transfer" under 28 U.S.C. 1404(a). Volkswagon, 545 F.3d at 311 (citation omitted). "The preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue" or whether the parties have agreed by contract or stipulation to the destination venue. Id. at 312 (citation and internal quotation marks omitted); Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 579 (2013). Sero seeks to transfer this case to the Federal District Court of Maryland, one of the two federal district courts that the parties agreed in the Policy would have exclusive jurisdiction over this dispute.

When the movant demonstrates that the transferee venue is clearly more convenient, good cause has been shown and the district court should grant the transfer. Volkswagon, 545 F.3d at 315. A court should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." Goodman Co. v. A & H Supply, Inc., 396 F. Supp. 2d 766,

776 (S.D. Tex. 2005) (internal quotation marks and citation omitted). But, where "the plaintiff is not from the forum it has chosen, the plaintiff's choice is given less deference." JPT Group, LLC v. Balenciaga & Balenciaga Am., Inc., No. CV H-16-1596, 2017 WL 570959, at *2 (S.D. Tex. Feb. 10, 2017) (alteration in orig.) (citation omitted).

Courts consider a number of private interest and public interest factors to determine whether transfer is for the convenience of the parties and in the interest of justice. Volkswagen, 545 F.3d at 315. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." Id. (internal quotation marks and citation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id. (alteration in orig.) (internal quotation marks and citation omitted). Although these factors "are appropriate for most transfer cases, they are

not necessarily exhaustive or exclusive," and no single factor is dispositive.  Id.

A.   Private Interest Factors

1.   Relative Ease of Access to Sources of Proof

This first factor weighs overwhelmingly in favor of transferring the case to Maryland.  The record establishes: (1) Sero's principal place of business is in Maryland; (2) Sero has never had a presence in Texas; (3) the insured yacht was and is in Maryland; (4) the yacht was never present in Texas; (5) if there was a failure to repair, it would have occurred in Maryland; (6) if there was a charter voyage during the laid up period, it would have been out of Maryland; (7) the yacht sank in Maryland; and (8) the insurance agent and agency Sero directly utilized to obtain the Policy and report the claim were in Maryland.[17]  The owner and operator of Sero, which owns and operates the *Liquid Limo*, testified via affidavit that to his knowledge all witnesses with knowledge about the sinking of the *Liquid Limo* are located in Maryland.[18]

---

[17] *See* Document No. 1 at ¶ 2; Document No. 7, Exhibit 1 at ¶¶ 4-13; Document No. 14, Exhibit 5.

[18] Document No. 7, Exhibit 1 at ¶¶ 2, 13.

There is no evidence that any relevant proof may be found in Texas.  The only Texas connection is Trident, which is not a party to this case, but has a Texas address and was named in the Policy by the issuer of the Policy as the "Assured's Agent."  As observed above, Sero's owner testified via affidavit that Sero never had any communications with Trident.[19]  Sero engaged as its agent Deeley Insurance in Maryland and its representative Ms. Goodyear to procure insurance coverage for the *Liquid Limo*.[20]  Accelerant identifies no witness or any other source of proof to be found in Texas pertinent to the coverage dispute.[21]

2.  Availability of Compulsory Process to Secure the Attendance of Witnesses

In a civil case, a district court may compel a witness to attend a trial, hearing, or deposition that takes place (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.  FED. R. CIV. P. 45(c)(1).  This Court in Houston has no

---

[19] Id. at ¶ 10.

[20] Id. at ¶ 11.

[21] *See* Document No. 12 at 10-12.

9

authority to subpoena witnesses residing in Maryland (*see* id.),
and no Texas resident has been identified as a witness.  The
Maryland court will have subpoena power over Sero's Maryland
officers and likely over other Maryland witnesses.  *See* FED. R.
CIV. P. 45(c)(1)(B)(ii).  This factor also weighs heavily in favor
of transfer.

### 3.   Cost of Attendance for Willing Witnesses

The cost of attendance for willing witnesses will be far less
if this suit is transferred to Maryland where all of the pertinent
events occurred and where all witnesses to those events appear to
be located.  No Texas witness has been identified.  This factor
weighs heavily in favor of transfer.

### 4.   All Other Practical Factors

The other practical problems that make trial of a case easy,
expeditious, and inexpensive suggest that Maryland is clearly the
more convenient and proper forum for this case.  The Assured, the
insured yacht, and all events pertinent to the dispute are centered
in Maryland.

B.   Public Interest Factors

Because this case involves federal admiralty law supplemented by New York state law,[22] the public interest factor involving the court's familiarity with the governing law is neutral, and avoidance of conflict of laws is not a factor at all.  No evidence has been presented as to court congestion so that factor is also neutral.

The local interest factor, however, is significant and weighs heavily in favor of transfer.  Texas has no interest in the outcome of an insurance dispute between two foreign companies, neither of which resides in Texas, regarding insurance coverage for a yacht that was owned by a Maryland resident, insured in Maryland, harbored in Maryland, and sank in Maryland.  Unlike Texas, Maryland does have an interest in having this dispute decided in Maryland where all the events giving rise to the dispute occurred.  *See, e.g.*, Watson v. Fieldwood Energy Offshore, LLC, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016) (recognizing that there is a preference for the venue in which the events giving rise to the litigation occurred) (citation and internal quotation marks omitted).  Moreover, if Accelerant wrongfully denied coverage, that injury was felt in Maryland where the Assured is a resident, and the

---

[22] Document No. 12, Exhibit A, Policy at CM/ECF page 19 of 34.

"place of the alleged wrong is one of the most important factors in venue determinations." Id. Accelerant makes no argument that there is any public interest factor that would point to Texas as the proper forum to adjudicate this case.

## C.   The District of Maryland is Clearly More Convenient

Taken together, the public and private interest factors decidedly establish that the District of Maryland is the more convenient forum for adjudication of this coverage dispute.  The transfer to Maryland will be a convenience for the parties and witnesses and quite plainly serves the interest of justice.  The *only* inconvenienced interested person would appear to be Accelerant's attorneys, who office in Houston.  That is not a factor legally cognizable and it is not in the interest of justice to consider such.

Accelerant argues that because it filed suit in one of the two preselected forums, the private interest factors "weigh entirely in favor of the preselected forum" and the district court may consider only the public interest factors.  Accelerant cites no authority and the Court has found none that supports that argument under the *two* preselected forums as are present here.  As explained in Atl. Marine Const. Co. v. United States District Court, 134 S. Ct. 568, 582 (2013), such a rule applies where the parties have agreed to *one* preselected forum, but that is not the

case here.  In deciding between *two* previously selected forums, to which both parties agreed, the public and private interest factors are both relevant in analyzing a § 1404(a) transfer motion.  *See, e.g.* <u>LaBar v. ABC Med. Holdings, Inc.</u>, No. 3:13-CV-2551-B, 2014 WL 1714468, at *8 (N.D. Tex. Apr. 30, 2014) (where the parties agreed not to litigate outside of Utah or Delaware, but plaintiff filed her case in Texas, the district court over plaintiff's objection transferred it to Delaware, observing that if the plaintiff "truly wanted to litigate this case in Utah instead of Delaware, she could have filed suit there, in which case [the defendant's] transfer request would presumably be governed by the typical § 1404(a) balancing test").  This case presents that exact scenario, namely, an agreement by the parties to litigate exclusively in federal court in Maryland *or* in Texas, Plaintiff filed in Texas, and Defendant moves under § 1404(a) for transfer to Maryland.  Section 1404(a) specifically empowers the district court to "transfer any civil action to any other district . . . where it might have been brought or to any district . . . *to which all parties have consented*."  In this instance Accelerant "might have brought" this case in federal court in Maryland *and* the parties also "consented" to its being litigated in Maryland.

But even if by some strange twist of logic Accelerant were correct and only the public interest factors are to be considered, in this exceptional case the public interest factors alone warrant

the transfer of this case to Maryland, the only one of the two agreed states that has any interest whatever in this dispute.  In sum, Accelerant, a foreign defendant, offers no facts and makes no argument that Texas is the more convenient forum.  Moreover, the record reveals no reason for Accelerant to file this case in Texas other than to cause the Assured Sero to suffer great inconvenience, unnecessary expense, and substantial procedural obstacles, and possibly, and totally impermissibly, to accommodate its attorneys who office in Houston.  On this record, transfer to Maryland is warranted for the convenience of parties and witnesses, and such transfer is manifestly in the interest of justice.  *See* 28 U.S.C. § 1404(a).

## III. Order

Accordingly, for the foregoing reasons, it is

ORDERED that Sero Service's Motion to Dismiss for Lack of Personal Jurisdiction and/or Lack of Venue and/or Motion to Transfer to Court of Proper Venue (Document No. 7) is GRANTED as follows:

For the convenience of the parties and witnesses, and in the interest of justice, this case is TRANSFERRED to the United States District Court for the District of Maryland.  It is further

ORDERED that all further relief requested in the Motion is DENIED as MOOT.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 24TH day of July, 2023.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE